# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

Jeannette Brooke
12181 Eagle Pointe Cir
Fort Myers, FL 33913
 Plaintiff,

v.

Lee Health System, Inc.
4211 Metro Parkway
Fort Myers, FL 33916
Defendant.

Civil Action No. 2:25-cv-783-SPC-NPM

## COMPLAINT

### I. JURISDICTION AND VENUE

1. This is an action for employment discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. § 2000e to 2000e-17.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f)(3).

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

### II. PARTIES

4. Plaintiff, Jeannette Brooke, is an individual residing in Fort Myers. Plaintiff was, and remains, an employee of Defendant.

5. Defendant, Lee Health System, Inc. is a Florida corporation with its principal place of business in Fort Myers, FL. Defendant is an employer within the meaning of 42 U.S.C. § 2000e(b).

### III. STATEMENT OF CLAIM

6. Plaintiff was qualified for and applied for a promotion within the Defendant's organization.

7. Plaintiff was denied the promotion. The Defendant cited reasons for denying the promotion that were based on discriminatory practices. The stated objective criteria, such as "first come, first serve," were not consistently applied.

8. The explanation given for the denial of promotion was vague, inconsistent, and ever-shifting.

9. The defendant reached back to stale disciplinary matters to justify the discrimination.

10. Plaintiff contacted the EEOC, after which Plaintiff's situation got worse.

11. Shortly after being denied the promotion, Plaintiff was demoted by Defendant.

12. The reasons for the demotion were suspicious and possibly discriminatory.

13. Defendant suspended Plaintiff and initiated an investigation against Plaintiff for alleged drug theft without evidence.

14. Defendant publicly humiliated Plaintiff.

15. Throughout Plaintiff's employment, Plaintiff was subjected to workplace harassment and retaliation.

16. Despite meeting the qualifications for numerous positions, Defendant continues to deny Plaintiff employment opportunities, offering no valid explanation.

17. The timing and sequence of events described above look retaliatory and inconsistent with fair employment practices.

18. All these actions were taken because the plaintiff complaint to HR about discriminatory practices and subsequentially contacted the EEOC.

19. As a result of the adverse employment actions, Plaintiff has experienced lost income and continues to be employed in a role for which Plaintiff is overqualified.

## IV. EXHAUSTION OF FEDERAL ADMINISTRATIVE REMEDIES

20. Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission (EEOC) regarding the discriminatory actions described above on 1/15/24.

21. The EEOC issued a Right to Sue letter to Plaintiff on 6/17/25. A copy of the Right to Sue letter is attached hereto as Exhibit A.

## V. CAUSES OF ACTION

**COUNT I: RETALIATION IN VIOLATION OF TITLE VII**

22. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 21 above.

23. Defendant retaliated against Plaintiff for engaging in protected activity, specifically, complaining about discriminatory practices and filing a charge with the EEOC.

24. Defendant's retaliatory actions include denying Plaintiff a promotion, demoting Plaintiff, accusing Plaintiff of theft without evidence, suspending Plaintiff, and subjecting Plaintiff to workplace harassment.

25. As a direct and proximate result of Defendant's unlawful retaliation, Plaintiff has suffered and continues to suffer lost wages and benefits, emotional distress, and other damages.

**COUNT II: DISCRIMINATION IN VIOLATION OF TITLE VII**

26. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 25 above.

27. Defendant discriminated against Plaintiff based on race, national origin, and age by denying Plaintiff a promotion and subsequently demoting Plaintiff.

28. As a direct and proximate result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer lost wages and benefits, emotional distress, and other damages.

**VI. PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

A. Judgment against Defendant for violating Title VII of the Civil Rights Act of 1964;

B. Injunctive relief prohibiting Defendant from engaging in further discriminatory or retaliatory practices;

C. Reinstatement to Plaintiff's former position at the level of her current qualifications or a comparable position with full seniority and benefits;

D. Back pay and front pay to compensate Plaintiff for lost wages and benefits;

E. Compensatory damages to compensate Plaintiff for emotional distress, humiliation, and other non-economic losses;

F. Punitive damages;

G. Attorneys' fees and costs; and

H. Such other and further relief as the Court deems just and equitable.

**VII. JURY DEMAND**

Plaintiff demands a jury trial on all issues so triable.

**VIII. CERTIFICATION AND CLOSING**

Under Federal Rule of Civil Procedure 11, by signing below, Plaintiff certifies to the best of her knowledge, information, and belief that this complaint:

A. Is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

B. Is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law;

C. The factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

D. The complaint otherwise complies with the requirements of Rule 11.

Dated: August 28, 2025

Respectfully submitted,

_____

Jeannette Brooke
Plaintiff
12181 Eagle Pointe Cir
Fort Myers, FL 33913
(239)362-7959
theguardianjay@gmail.com

*I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.*

_____
Jeannette Brooke (Plaintiff)



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Miami District Office
100 SE 2nd St, Suite 1500
Miami, FL 33131
(800) 669-4000
Website: www.eeoc.gov

# DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 06/17/2025

**To:** Jeannette D. Brooke
12181 Eagle Pointe Cir
MIROMAR LAKES, FL 33913
Charge No: 510-2024-03213

EEOC Representative and email:   GEORGE RUGGIANO
Investigator
George.Ruggiano@eeoc.gov

## DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign in to the EEOC Public Portal and upload the court complaint to charge 510-2024-03213.

On behalf of the Commission,

Digitally Signed By:Evangeline Hawthorne
06/17/2025
Evangeline Hawthorne
Director

EX. "A"

Cc:
Jennifer Jones
Gulfcoast Medical Cetner
13681 Doctors Way
Fort Myers, FL 33912

Please retain this notice for your records.

Ex. "A"