**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

**JEANNETTE BROOKE,**
Plaintiff,

v. 2:25-cv-783-SPC-NPM

**LEE HEALTH SYSTEM, INC.,**
Defendant.

---

**ORDER**

Pro se plaintiff Jeannette Brooke requests permission to file papers via our CM/ECF system. But the system contains confidential and other sensitive information, and so access is generally restricted. *See* Administrative Procedures for Electronic Filing (Aug. 1, 2025) for the United States District Court, Middle District of Florida.

Even incarcerated or civilly committed pro se parties routinely litigate their matters by mail. So, to present a colorable request for CM/ECF access, a pro se litigant must show that "extenuating circumstances exist to justify waiving CM/ECF procedures." *Huminski v. Vermont*, No. 2:13-cv-692-FTM-29, 2014 WL 169848, *4 (M.D. Fla. Jan. 15, 2014); *see also McMahon v. Cleveland Clinic Found. Police Dep't*, 455 F. App'x 874, 878 (11th Cir. 2011) (affirming denial of CM/ECF access for pro se litigant because there was "no good cause under the circumstances of the case to authorize his access"). At a minimum, this would include both financial and

physical barriers that make it extraordinarily difficult to acquire postage and submit envelopes to a mail carrier, and to otherwise deliver papers to the court.

The request would need to be verified (submitted under oath) and corroborated by affidavits from medical and other sources. Moreover, the applicant would need to demonstrate the absence of misuse of the judicial system by (1) identifying every state and federal case to which he or she is or was a pro se party; and (2) discussing the absence or presence of any adverse orders in those cases that dismissed any frivolous claims, dismissed any actions for failure to prosecute or to abide by court orders, or imposed any sanctions for such conduct such as a screening procedure before items would be accepted for filing. For failing to meet this standard, Brooke's request for CM/ECF access is denied.

One more thing. Brooke also requests permission to bring electronic devices into the courtroom. (Doc. 37 at 1). Her request is denied because no hearing is currently scheduled, and in any event, Brooke has failed to articulate a need or justification for the devices.

Accordingly, Brooke's motion for leave to bring electronic devices to court and for CM/EFC access (Doc. 37) is **DENIED**.

**ORDERED** on September 4, 2026

NICHOLAS P. MIZELL
United States Magistrate Judge